UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAZARO HERNANDEZ,

       Petitioner,

v.                                  Case No:  2:13-cv-807-FtM-38DNF

IMMIGRATION AND CUSTOMS
ENFORCEMENT,

       Respondent.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Lazaro Hernandez ("Petitioner") (Doc. 1, filed November 14, 2013).   Petitioner, a prisoner at the DeSoto Correctional Institute in Arcadia, Florida, asserts that his constitutional rights have been violated because of an Immigration and Customs Enforcement ("ICE") detainer filed against him. *Id.*   Respondent filed a motion to dismiss the petition (Doc. 11, filed February 13, 2014).   Petitioner filed a response to the motion (Doc. 15, filed April 29, 2014), and it is now ripe for review.

For the reasons set forth in this Order, Respondent's motion to dismiss is granted to the extent that the challenges to Petitioner's future detention or to his removal order are dismissed for lack of jurisdiction.   Otherwise, the petition is denied on the merits.

_____

[1] Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.   Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.   By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.   Likewise, the court has no agreements with any of these third parties or their Web sites.   The court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

## I.  **Background**

Petitioner, a native and citizen of Cuba, was paroled into the United States in 2003 and adjusted to lawful permanent status in 2008 (Doc. 11-2 at 3).   On October 17, 2012, Petitioner was convicted in the Seventeenth Judicial Circuit Court in and for Broward County, Florida for trafficking in cocaine and for conspiracy to traffic in cocaine (Doc. 11-2 at 4; Doc. 11-3 at 2-3).   He was sentenced to six years in prison (Doc. 11-2 at 4; Doc. 11-3). Petitioner is currently in custody of the Florida Department of Corrections (Doc. 11-4).

On November 1, 2012, ICE issued a detainer to the Florida Department of Corrections, requesting that the Department hold Petitioner after his incarceration is complete and transfer him within 48 hours into ICE custody (Doc. 11-5 at 2).   On the same day, Petitioner was served with a Notice to Appear ("NTA") initiating removal proceedings against him (Doc. 11-6).   On February 27, 2013, an immigration judge ordered Petitioner removed to Cuba based upon his criminal convictions (Doc. 11-7).   Petitioner did not appeal the order of removal.

Petitioner filed the instant petition on November 14, 2013 (Doc. 1).   He raises due process and equal protection challenges to the ICE detainer (Doc. 1 at 3).   He contends that the detainer is precluding him from obtaining minimum or community custody status and rendering him unqualified for early release programs and work release (Doc. 1 at 4; Doc. 1-1).   Petitioner expressly states that he is not challenging the removal order (Doc. 1 at 4). He additionally appears to challenge his future ICE detention on the ground that he will not be immediately removable upon his release from the FDOC, because he is Cuban, and Cuba does not have an "immigration/deportation agreement" with the United States. *Id.* at 3.

In the motion to dismiss, Respondent contends that the ICE detainer does not confer federal habeas corpus jurisdiction; that Petitioner has not stated a constitutional violation; and that the Court lacks jurisdiction to review Petitioner's claim regarding the likelihood of his removal to Cuba, because such claim is not ripe (Doc. 11 at 4-14).

## II.   <u>Analysis</u>

### a.   *This Court has jurisdiction to consider Petitioner's due process and equal protection claims under § 2241*

Because a writ of habeas corpus functions to grant relief from unlawful custody, jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner. *See* 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to a prisoner unless -- (1) [h]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof[.]").   Respondent asserts that Petitioner is not in custody of ICE, and therefore, he cannot proceed against ICE in this action (Doc. 11 at 5-6).

It is well settled in the Eleventh Circuit that the placement of an ICE detainer, alone, does not cause a petitioner to come within ICE's custody for purposes of § 2241. *See Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990).   The Eleventh Circuit has not expressly determined whether the placement of a detainer <u>coupled</u> with the existence of a removal order constitutes ICE "custody" for habeas purposes.   However, the Eleventh Circuit has implied that the co-existence of a removal order may confer habeas jurisdiction. *See Gonzales-Corrales v. ICE*, 522 F. App'x 619, 623 (11th Cir. 2013) (unpublished) (rejecting a petitioner's claim that he was in ICE custody because Petitioner "did not allege that ***removal proceedings had commenced*** or that he had been taken into ICE custody.") (emphasis added).   Moreover, the weight of authority supports a conclusion that the placement of a detainer coupled with the existence of a final order of removal or deportation constitutes

immigration "custody" for purposes of federal habeas review. *See Kumarasamy v. Attorney Gen. of U.S.*, 453 F.3d 169, 172–73 (3d Cir. 2006) (individual does not have to be in ICE's physical custody to satisfy "in custody" requirement; rather "in custody" requirement is satisfied when individual is subject to final order of removal); *Simmonds v. I.N.S.*, 326 F.3d 351, 354 (2d Cir. 2003) (alien in state prison challenging final removal order was in "constructive custody" for purpose of allowing habeas review of subsequent immigration detention); *Garcia–Echaverria v. United States*, 376 F.3d 507, 511 (6th Cir. 2004) (federal prisoner was in I.N.S. custody when he filed habeas petition challenging constitutionality of confinement, where final order of removal was in place); *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir. 2001) (even though alien habeas petitioners were not being "detained," they were "in custody" for habeas purposes because they were subject to final deportation orders); *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995) (so long as alien petitioner is subject to a final order of deportation, he is deemed to be "in custody" for purposes of the Immigration and Nationality Act).   Under this authority, the Court concludes that the ICE detainer, coupled with the final removal order, renders Petitioner in the custody of ICE for purposes of § 2241(c), despite the fact that he is not in ICE's physical custody.

Respondent also asserts that the Court lacks jurisdiction over Petitioner's claims under 8 U.S.C. § 1252(g) (Doc. 11 at 6-8).   This provision provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." *Id.*   This provision bars courts from reviewing certain exercises of discretion by the attorney general. *Madu v. United States Att'y Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006).   The provision is to be construed narrowly, and does not apply where the petition does not challenge the attorney general's exercise of

discretion. *Id.*

To the extent that Petitioner challenges his removal order or ICE's decision to issue a detainer, Respondent is correct that the Court is without jurisdiction to entertain such challenges. The gravamen of Petitioner's claim, however, is that the detainer is prohibiting him from participating in certain prison programs (Doc. 1 at 4).[2]  According to Petitioner, this constitutes a violation of due process and equal protection. *Id.* at 3.  As relief, he appears to seek removal of the detainer so that he may participate in certain prison programs, and so that he may be treated as other inmates. *Id.*  Even assuming, *arguendo*, that the lodging of the detainer in this case constituted a discretionary decision or action by the attorney general within the meaning of § 1252(g), Petitioner's due process and equal protection claims do not challenge the exercise of that discretion.   Again, these claims challenge only the *effect* of the immigration detainer on Petitioner's current conditions of confinement.   Accordingly, § 1252(g) does not apply.

The Court has jurisdiction to review Petitioner's due process and equal protection claims.

### b.   Petitioner has not stated a constitutional claim

Petitioner claims that the ICE detainer is precluding him from obtaining minimum or community custody status and rendering him unqualified for early release programs and work release, in violation of his due process and equal protection rights (Doc. 1 at 3-4). Respondent counters that Petitioner's due process and equal protection challenges to the effects of the ICE detainer are without merit (Doc. 11 at 10-13).   The Court agrees with Respondent.

---

[2]  Petitioner specifically asserts that he does not challenge the final order of removal (Doc. 1 at 4).

A prisoner's liberty interest protected by the Due Process clause is generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 472 (1995).   Petitioner argues that the ICE detainer makes him ineligible for work release or early release (Doc. 1 at 4).   In support of these claims, Petitioner has attached documents showing that he is in close custody because of the detainer and that his custody level would be lower if no detainer existed (Doc. 1-1 at 1; Doc. 15-1 at 1-2).   Courts have long held that changes in custody status, classification levels, and even denials of certain privileges are not atypical deprivations implicating constitutionally-protected liberty interests for due process purposes. *See e.g. Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (noting generally that prison transfers and changes in classification status do not require due process protections); *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (inmates have no protected liberty interest in attending rehabilitation program); *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992) (inmates have no constitutional right to educational or vocational opportunities); *Canterino v. Wilson*, 869 F.2d 948, 952–54 (6th Cir. 1989) (inmates have no constitutionally protected liberty interest in study and work-release programs or custody classification); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (inmates have no federal right to particular inmate classification or eligibility for rehabilitative programs); *Puqliese v. Nelson*, 617 F.2d 916, 923 (2d Cir. 1980) (same); *Marchesani v. McCune*, 531 F.2d 459 (10th Cir. 1976) (inmates have no protected liberty interest in particular custodial classification, even if classification affects eligibility for preferred job assignments, transfers to less restrictive institutions, social furloughs, or early parole); *see also Lopez v. Holder*, Case No. 12-229910CIV, 2013 WL 3762456, at *4 (S.D. Fla. July 16, 2013) (the petitioner "failed to allege facts showing that the immigration detainer impose[d] a significant or atypical

hardship on him in relation to ordinary incidents of prison life."); *Banks v. Ellis*, Case No. 3:09cv425/WS/EMT, 2010 WL 1459742, at *3 (N.D. Fla. Mar. 12, 2010), Report and Recommendation Adopted by 2010 WL 1459770 (N.D. Fla. Apr. 12, 2010) (plaintiff failed to allege facts showing that placement on "heightened security status" imposed significant hardship on him in relation to ordinary incidents of prison life prior to such placement; therefore, he failed to show he had constitutionally protected liberty interest in remaining on former custody status); *Powell v. Ellis*, Case No. 3:07cvl 60/MCR/EMT, 2007 WL 2669432, at *4 (N.D. Fla. Sept. 7, 2007) (prisoner had no liberty interest in particular job assignment or custody classification). Petitioner has failed to allege facts that would establish that he has a liberty interest protected by the Due Process clause.

Additionally, a penal institution's use of detainers in deciding prisoners' eligibility for prison programs and early release does not offend equal protection principles. *See McLean v. Crabtree*, 173 F.3d 1176, 1186 (9th Cir. 1999) (exclusion of prisoners with detainers from community-based treatment programs and sentence reduction eligibility does not offend equal protection); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 196 (5th Cir. 2012) ("[T]he determination that ICE detainees are ineligible to participate in prerelease halfway house confinement is rationally related to preventing those detainees from fleeing during the community-based portion of those programs.").   Petitioner is not entitled to relief on his due process and equal protection claims.

### c.      *Any challenge to future ICE detention is not ripe*

Petitioner states that there is no "immigration/deportation agreement" between the United States and Cuba (Doc. 1 at 3).   Liberally construed, this appears to be a challenge to his future immigration detention.   This Court lacks jurisdiction to consider such a challenge.

In order for the court to take jurisdiction over an action, an actual case or controversy must be present. *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *O'Shea v. Littleton*, 414 U.S. 488, 493–95 (1974); *Johnson v. Sikes*, 730 F.2d 644, 647 (11th Cir. 1984).   Some "threatened or actual injury" must exist as a result of the allegedly wrongful actions of the defendant. *O'Shea*, 414 U.S. at 493 (citing *Linda R.S. v. Richard P.*, 410 U.S. 614, 617 (1973)).   This is because "[t]here must be a personal stake in the outcome such as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." *Id.* at 494.   "Abstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." *Id.* (internal quotations omitted).   Also to be considered are "prudential considerations" which require the court to abstain from rendering decisions that are premature or abstract or that "anticipate a question of constitutional law in advance of the necessity of deciding it." *Sikes*, 730 F.2d at 648–49 (quoting *Ashwander v. TVA*, 297 U.S. 288, 346 (1936)).

Here, Petitioner's removal period has not yet begun, and it will not begin until he is released from confinement in the Florida Department of Corrections.[3]   Therefore, the issue of whether he will be removable to Cuba is not yet ripe for adjudication. Consequently, this claim is due to be dismissed. *See Lopez*, 2013 WL 3762456 at *4-5 (rejecting incarcerated petitioner's challenge to immigration detention because he was still in custody of the Florida Department of Corrections); *Galiana v. ICE*, Case No. 5:11cv255/MMP/EMT, 2012 WL

---

[3] Respondent asserts that, because Petitioner was credited with three years on his sentence, "it appears that [he] will be released from criminal incarceration no later than sometime in 2015." (Doc. 11 at 2) (citing Doc. 11-3 at 2, 5).

425910, at *3-4 (N.D. Fla. Jan. 11, 2012) (noting that Petitioner's removal period would not begin until he was released from confinement in the FDOC); *Jean–Henriquez v. Dep't of Homeland Sec.*, Case No. 4:05cv304/MMP/WCS, 2006 WL 1687853, at *3 (N.D. Fla. June 15, 2006) (habeas petitioner's claim under *Zadvydas* was not ripe, because 90-day removal period had not yet begun).

III.   **Conclusion**

Based upon the foregoing, any claims by Petitioner that challenge his order of removal, ICE's decision to lodge a detainer against him, or his future detention are dismissed for lack of jurisdiction, the petition for writ of habeas corpus is otherwise denied. Accordingly, it is **ORDERED**:

1.    Respondent's motion to dismiss (Doc. 11) is **GRANTED** to the extent that Petitioner's claims challenging his order of removal and/or future detention are **DISMISSED** for lack of jurisdiction;

2.    Petitioner's due process and equal protection claims are **DENIED;** and

3.    With no remaining claims, the **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of August, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Lazaro Hernandez
Counsel of Record